UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| NICOLE OLSEN, COURTNEY HOLLAND, CYNTHIA COLE, JENNIFER CHANCEY, COURTNEY JONES, individually and for others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DENNIS RATNER, JOHN/JANE DOES 1-10, fictious persons, ABC CORP. 1-10, fictitious entities<br><br>Defendants. | CASE NO.: 9:23-cv-80619 |

## COLLECTIVE AND CLASS ACTION COMPLAINT UNDER FLSA

Plaintiffs, Nicole Olsen, Courtney Holland, Cynthia Cole, Jennifer Chancey and Courtney Jones, by and through counsel, Malamut & Associates, LLC, complaining of the Defendants, depose and say:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Nicole Olsen is an adult individual who, at all times material hereto, resided in the State of New Jersey. She has been employed by the Defendants as a Hair Stylist since 1994.

2. Plaintiff, Courtney Holland is an adult individual who, at all times material hereto, resided in the Commonwealth of Virginia. She was employed by the Defendants as a hair stylist.

1

3. Plaintiff, Cynthia Cole is an adult individual who, at all times material hereto, resided in the State of Maryland. She is employed by the Defendants as a hair stylist.

4. Plaintiff, Jennifer Chancey is an adult individual who, at all times material hereto, resided in the State of Florida. She was employed by the Defendants as a hair stylist.

5. Plaintiff, Courtney Jones is an adult individual who, at all times material hereto, resided in the State of Illinois. She is employed by the Defendants as a hair stylist.

6. Defendant, Dennis Ratner is and was, at all relevant times, the founder and CEO of Ratner Companies, with this business and subsidiaries employing thousands.

7. Defendant, Dennis Ratner, is a resident of Palm Beach County, in the State of Florida, specifically residing at the Royal Palm Yacht & Country Club in Boca Raton, Florida.

8. Ratner Companies is the Virginia-based parent company of hair salon subsidiaries, the largest of which is Hair Cuttery, a unisex hair solon, the largest privately held hairdressing chain in the United States with 492 locations, including 148 locations in the State of Florida.

9. Defendants, John / Jane Does 1-10 and ABC Corp., 1-10, were fictitious individuals and business entities, whose identities are unknown, that owned, operated, leased, managed, maintained, controlled, possessed, or are otherwise responsible for the actions of Ratner Companies, its corporate subsidiaries, or its branch locations, who caused the harms described to the Plaintiffs and similarly situated employees below.

10. This Court has subject matter jurisdiction over Plaintiffs' Fair Labor Standard Act ("FLSA") claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under the FLSA, 29 U.S.C. § 201, *et seq.*

11. This Court has supplemental jurisdiction over Plaintiff Olsen's state law claims under the New Jersey Wage Payment Law, and Plaintiff Cole's state law claims under the Maryland Wage Payment and Compensation Law, through supplemental jurisdiction, 28 U.S.C. § 1367.

12. This court has personal jurisdiction over the Defendants because they conduct business at numerous locations in the District, availed themselves of the jurisdiction of this District, and Defendant Dennis Ratner resides in Palm Beach County, Florida.

13. Venue for this action properly lies in this Court because a substantial portion of the events that give rise to Plaintiff's claims occurred in this District, and Defendant Dennis Ratner resides in Palm Beach County, Florida, and the State of Florida contains the most locations of his largest subsidiary, the Hair Cuttery.

## FACTUAL BACKGROUND

14. On or about March 21, 2020, in response to the COVID-19 crisis, Defendants ceased operations at all retail locations across the country.

15. This action came in the middle of a pay period that originally began on March 15, 2020.

16. Plaintiffs Nicole Olsen, Courtney Holland, Cynthia Cole, Jennifer Chancey, Courtney Jones, and employees similarly situated to them, worked one or more days between March 15, 2020, and the date their stores ceased operations on or before March 21, 2020.

17. Plaintiffs and employees similarly situated to them are paid through commissions with a guaranteed minimum wage. The employees are paid a percentage of the revenue they generate for the salon during their shift. The percentage is dependent on the employee's position.

18. If an employee does not reach minimum wage through this structure for any given shift, then that employee is paid minimum wage for that shift.

19. For the shifts worked between March 15, 2020 and March 21, 2020, Plaintiffs and employees similarly situated to them were supposed to be paid on April 7, 2020.

20. While the business ceased operations due to COVID-19 crisis, it released conflicting information about how the employees would be paid for they had already worked.

21. Initially, Defendants told Plaintiffs and their fellow employees that each would be paid for the hours they worked, and that they could use accrued paid time off to make up for the days the store was not open for that pay period.

22. Next, Defendants informed the Plaintiffs and other employees that they could not use their paid time off.

23. Finally, Defendants disclosed to Plaintiffs and their fellow employees that Defendants decided not to pay any wages owed for hours employees had worked between March 15, 2020 and March 21, 2020.

24. Specifically, or about April 3, 2020, Defendant Dennis Ratner released a video to employees which explained that the Plaintiffs and Defendants' other employees would not be paid on April 7, 2020.

25. In the video, Defendant Ratner claimed that his company awaited federal funding, and that all the Plaintiffs and other employees would not be paid until such funding was received or until after the business restores operations.

26. Specifically, Defendant Ratner and COO Phil Horvath notified Plaintiffs and similarly-situated employees via video message, "At this time, we are not able to fund any amount on the paychecks due on April 7. This includes all of you in the salons, our leaders in the

4

field, and the team here at the Resource Center." <u>See</u> Figure 1, Excerpted Screenshots from April 3, 2020 video sent to Plaintiffs and similarly-situated employees.



*Figure 1. Excerpts from April 3, 2020 video message from Defendant Ratner Companies' President and COO Phil Horvath to Plaintiffs and similarly situated employees.*

27. On April 7, 2020, Plaintiffs and similarly-situated employees did not receive the wages they were due for hours employees had worked between March 15, 2020 and March 21, 2020.

28. Defendant, therefore, failed to pay Plaintiffs and similarly-situated employees at least the minimum wage for hours worked from March 15, 2020 to March 21, 2020.

## FIRST COUNT

## FLSA COLLECTIVE ACTION

29. Plaintiff repeats and realleges each and every allegation of the previous sections/counts as if fully set forth herein at length.

30. Defendants failed to pay Plaintiffs and similarly-situated employees the minimum wage when due for the hours they worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216, *et seq.*

31. At all relevant times, Defendants were subject to the requirements and obligations of the FLSA.

32. At all relevant times, Ratner Companies, their corporate subsidiaries, and their corporate branches were "employers" under the FLSA.

33. At all relevant times, Ratner Companies, their corporate subsidiaries, and their corporate branches were "engaged in commerce" within the meaning of the FLSA.

34. At all relevant times, Ratner Companies' gross revenues exceeded $500,000 per year.

35. At all relevant times, Defendant, Dennis Ratner was an individual with significant ownership interest in Ratner Companies, who exercised day-to-day control of company operations, and who was personally involved in the payment of employees, thus making him individually liable under the FLSA.

36. Dennis Ratner was the founder and CEO of Ratner Companies.

37. Dennis Ratner was an active owner, founder, and CEO of Ratner Companies.

38. Upon information and belief, Dennis Ratner had an active role in the day-to-day operations of his business and subsidiaries, including those employing Plaintiffs and similarly-situated employees.

39. Upon information and belief, Dennis Ratner maintained the power to hire and fire employees, including Plaintiffs and similarly-situated employees.

40. Dennis Ratner appeared in the video wherein employees were notified that they would not be receiving their pay, giving direct notice to Plaintiffs and similarly-situated employees.

41. Based on his own statements in the aforementioned video, it is clear that Dennis Ratner played a role in deciding not to pay Plaintiffs and similarly situated-employees on April 7, 2020. In fact, Defendant Ratner made the final decision not to pay employees including those employing Plaintiffs and similarly-situated employees.

42. Thus, Defendant Dennis Ratner is individually liable under the FLSA.

43. At all relevant times, Plaintiffs and similarly-situated employees were "employees" under the FLSA.

44. Thus, at all relevant times, Defendant was liable under the FLSA for the rights and obligations owed to the Plaintiffs and similarly-situated employees.

45. Plaintiffs bring this action pursuant to the Collective Action Provision of the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and similarly-situated employees, defined as:

    "Employees of Ratner Companies who worked any time from March 15, 2020 to March 21, 2020 and who were not fully and fairly compensated for their hours worked."

    Plaintiff reserves the right to amend the collective action definition.

46. A collective action is appropriate because the employees, as described above, perform the same or similar job functions, were subject to the same or similar unlawful practices, and have claims that are based on the same or similar factual and legal theories against these Defendants.

47. The precise number of members of the collective is currently unknown but would be easily computed by looking at Defendants' payroll records. Upon information and belief, the number of employees in the collective far exceeds 100 and may approach 10,000.

48. Defendant's failure to pay Plaintiffs and similarly-situated employees was a knowing and willful violation of the Fair Labor Standards Act, as Defendant Ratner chose to violate the least ambiguous wage and hour law imaginable: simply paying employees for hours worked.

49. As a result of the foregoing, Plaintiffs and similarly-situated employees were denied the wages they earned, and were denied the minimum wage, in such amounts to be

determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs Nicole Olsen, Courtney Holland, Cynthia Cole, Jennifer Chancey and Courtney Jones, individually and on behalf of all other similarly situated-employees, respectfully request the Court grant the following relief:

- Designation of this action as a collective action on behalf of the previously described collective and issuance of prompt notice as required under the FLSA.
- Appointing the Plaintiffs and their counsel to represent the Collective Action Members.
- Ordering Defendants to produce in digital format the names and addresses of all members of the above-described collective.
- An order directing Defendants to investigate and account for the number of hours worked by Plaintiffs and all similarly-situated employees who co-opt into this action.
- An award of damages for all unpaid wages.
- An award for liquidated damages pursuant to the FLSA in the amount equal to the unpaid wages, both for failure to pay the minimum wage and/or failure to pay the minimum wage on time when it was due.
- Judgement for any and all civil penalties to which Plaintiffs may be entitled.
- An award of costs and expenses of this action together with reasonable attorneys' and expert fees.
- An incentive award for Plaintiffs pursuant to FLSA.

- Such other and further relief as this Court deems just and proper.

## SECOND COUNT

## NEW JERSEY WAGE PAYMENT LAW CLASS ACTION

50. Plaintiff, Nicole Olsen, repeats and realleges each and every allegation of the previous sections/counts as if fully set forth herein at length.

51. Plaintiff brings this Count on behalf of herself and all similarly-situated New Jersey employees of Defendant Ratner Companies, its corporate subsidiaries, and its corporate branches.

52. Plaintiff and similarly situated New Jersey Employees bring this count for violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.*

53. The New Jersey Wage Payment Law requires the full amount of wages due at least twice during each calendar month, or regular paydays designated in advance by the employer.

54. Defendant Ratner Companies established designated paydays for its New Jersey employees.

55. New Jersey employees were designated to get paid on April 7, 2020 for hours worked between March 15, 2020 and March 28, 2020.

56. Due to the COVID-19 pandemic, all New Jersey retail locations controlled by Ratner Companies closed on or before March 21, 2020.

57. However, Plaintiff and similarly situated employees worked from March 15, 2020 to March 21, 2020.

58. On or about April 3, 2020, Plaintiff and similarly-situated New Jersey Employees were informed by the Defendants that they would not be paid the full amount due to them on April 7, 2020.

59. As they were told, on April 7, 2020 Plaintiff and similarly-situated New Jersey employees were not paid the full amount due to them.

60. At all relevant times, Defendant Ratner Companies was an employer under the New Jersey Wage Payment Law.

61. At all relevant times, Defendant, Dennis Ratner, was an individual "employer" under the Wage Payment Law, as he was an agent who controlled and managed the corporation.

62. At all relevant times, Plaintiff and similarly-situated employees were "employees" under the New Jersey Wage Payment Law.

63. A class action is the appropriate vehicle for this action because the number of affected employees is not readily known, the employees all suffered the same harm irrespective of their own personal facts or circumstances, and the harm caused to each individual class member requires the resolution of the same factual and legal issues.

64. Thus, Defendant Ratner is liable to the Plaintiff and a class of similarly-situated New Jersey employees under the New Jersey Wage Payment Law.

65. The Plaintiff and similarly situated New Jersey employees are thus entitled to the full amount of wages due, as well as liquidated damages of two-hundred (200) percent of the amount of wages due, under the New Jersey wage Payment Law.

**WHEREFORE**, Plaintiff Nicole Olsen individually and on behalf of all other similarly-situated employees, respectfully requests the Court grant the following relief:

- Designation of this action as a class action on behalf of the previously described class.
- Appointing the Plaintiff and her counsel to represent the Class Members.

- Ordering Defendants to produce in digital format the names and addresses of all members of the above-described class.
- An order directing Defendants to investigate and account for the number of hours worked by Plaintiff and all similarly situated New Jersey employees.
- An award of damages for all unpaid wages.
- An award for liquidated damages equal to two hundred (200) percent of the unpaid wages due.
- Judgement for any and all civil penalties the Plaintiff may be entitled.
- An award of costs and expenses of this action together with reasonable attorneys' and experts' fees.
- Such other and further relief as this Court deems just and proper.

## THIRD COUNT

## MARYLAND WAGE PAYMENT AND COLLECTION LAW CLASS ACTION

66. Plaintiff, Cynthia Cole repeats and incorporates all of the facts and all of the allegations made above as if fully set forth herein.

67. Plaintiff brings this count on behalf of herself and all similarly-situated Maryland employees of Defendant Ratner Companies, its corporate subsidiaries, and its retail branches, who worked any time between March 15, 2020 and March 21, 2020 and have not been paid for the hours worked.

68. Defendant Ratner Companies established designated pay days for its Maryland employees.

69. Maryland employees were supposed to get paid on April 7, 2020, for a pay period that included March 15, 2020 through March 21, 2020.

70. Upon information and belief, the Defendant closed all Maryland retail locations on or before March 21, 2020 due to the COVID-19 pandemic.

71. This closure cut the pay period for the April 7, 2020 payday in half.

72. However, Plaintiff and similarly-situated employees had still worked during the first half of that pay period.

73. On or about April 3, 2020, Plaintiff and similarly-situated employees were told in a video by Defendant Dennis Ratner they would not be paid for the hours they worked.

74. On April 7, 2020, Plaintiff and similarly-situated employees were not paid any wages for the hours they worked.

75. Plaintiff and similarly-situated employees were not paid in violation of the Maryland Wage Payment and Collection Law.

76. At all relevant times, Defendant Ratner Companies was an "employer" under the Maryland Wage Payment and Collection Law.

77. At all relevant times, Defendant Dennis Ratner was an individual employer under the Maryland Wage Payment and Collection Law.

78. A class action is the appropriate vehicle for this action because the number of affected employees is not readily known, the employees all suffered the same harm irrespective of their own personal facts or circumstances, and the harm caused to each individual class member requires the resolution of the same factual and legal issues.

79. Defendant, Dennis Ratner is liable to Plaintiff Cynthia Cole and a class of similarly-situated employees under the Maryland Wage Payment and Collection Law for the full amount of wages due, plus any appropriate damages.

**WHEREFORE**, Plaintiff Cynthia Cole, individually and on behalf of all other similarly-situated Maryland employees, respectfully requests the Court grant the following relief:

- Designation of this action as a class action on behalf of the previously described class.

- Appointing the Plaintiff and her counsel to represent the Class Members.

- Ordering Defendants to produce in digital format the names and addresses of all members of the above-described class.

- An Order directing Defendants to investigate and account for the number of hours worked by Plaintiff and all similarly situated Maryland employees.

- An award of damages for all unpaid wages.

- An award for liquidated damages.

- Judgment for any and all civil penalties to which the Plaintiff may be entitled.

- An award of costs and expenses of this action together with reasonable attorneys' and expert fees.

- Such other and further relief as this Court deems just and proper.

## FOURTH COUNT

## ILLINOIS WAGE PAYMENT AND COLLECTION LAW

80. Plaintiff, Courtney Jones repeats and incorporates all of the facts and all of the allegations made above as if stated at length herein.

81. Plaintiff brings this count on behalf of herself and all similarly-situated Illinois employees of Defendant Ratner Companies, its corporate subsidiaries, and its corporate branches.

82. Plaintiff and similarly-situated Illinois employees bring this count for violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115.

83. Defendant Ratner Companies established designated paydays for its Illinois employees.

84. Illinois employees were designated to get paid on April 7, 2020 for hours worked between March 15, 2020 and March 28, 2020.

85. Upon information and belief, all Illinois retail locations controlled by Ratner Companies closed on or before March 21, 2020 due to the COVID - 19 crisis.

86. However, Plaintiff Jones and similarly-situated Illinois employees worked from March 15, 2020 to March 21, 2020.

87. On or about April 3, 2020, Plaintiff Jones and similarly-situated Illinois employees were informed by the company that they would not be paid the full amount due to them on April 7, 2020.

88. As they were told, on April 7, 2020 Plaintiff Jones and similarly-situated Illinois employees were not paid the full amount due to them.

89. At all relevant times, Defendant Ratner Companies was an employer under Illinois Wage Payment and Collection Law.

90. At all relevant times, Defendant, Dennis Ratner, was an individual "employer" under the Illinois Wage Payment and Collection Law.

91. At all relevant times, Plaintiff Jones and similarly-situated Illinois employees were "employees" under the Illinois Wage Payment and Collection Law.

92. A class action is the appropriate vehicle for this action because the number of affected employees is not readily known, the employees all suffered the same harm regardless of

their own personal facts or circumstances, and the harm caused to each member requires the resolution of the same factual and legal issues.

93. Thus, Defendant Dennis Ratner is personally liable to Plaintiff Courtney Jones and a class of similarly-situated Illinois employees under the Illinois Wage Payment and Collection Law.

94. Plaintiff Jones and similarly-situated Illinois employees are thus entitled to the full amount of wages due, as well as liquidated damages, reasonable costs and attorneys' fees under the Illinois Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff Courtney Jones, individually and on behalf of all other similarly-situated Illinois employees, respectfully requests the Court grant the following relief:

- Designation of this action as a class action on behalf of the previously described class.
- Appointing the Plaintiff and her counsel to represent the Class Members.
- Ordering Defendants to produce in digital format the names and addresses of all members of the above described class.
- An order directing Defendants to investigate and account for the number of hours worked by Plaintiff and all similarly-situated Illinois employees.
- An award of damages for all unpaid wages.
- An award for liquidated damages.
- Judgement for any and all civil penalties to which the Plaintiff may be entitled.
- An award of costs and expenses of this action together with reasonable attorneys' and experts' fees.
- Such other and further relief as this Court deems just and proper.

## **FIFTH COUNT**

## **FICTITIOUS ENTITIES**

95. Plaintiffs repeat and reallege all of the facts and all of the allegations made above as if set forth at length herein.

96. ABC Companies 1-10 are corporate entities, thus far unknown, who owned, controlled, operated, or managed any corporate subsidy or branch of Ratner Companies, and were responsible for the day-to-day management and payment of employees.

97. John Does 1-10 and Jane Does 1-10 represent fictitious individuals who owned, operated, supervised, were involved in the day-to-day operations, and were involved in the payment of employees for Ratner Companies and / or ABC Companies 1-10.

98. ABC Companies aided, abetted, participated in, and carried out the above-described violations of the Fair Labor Standard Act, New Jersey Wage Payment Law, Maryland Wage Payment and Compensation Law and Illinois Wage Payment and Collection Law, such as to create liability against them.

99. John Does 1-10 aided, abetted, participated in, and carried out the above described violations of the Fair Labor Standard Act, New Jersey Wage Payment Law, Maryland Wage Payment and Compensation Law and Illinois Wage Payment Law and Compensation Law, such as to create individual liability against them.

100. As such, the Plaintiffs, the FLSA Collective, the class of similarly-situated New Jersey employees, the class of similarly-situated Maryland employees, and the class of similarly-situate Illinois employees, demand judgment against ABC Companies 1-10, and John and Jane Does 1-10, for unpaid wages, liquidated damages, attorneys fees, incentives, and all other awards that the court deems just.

**WHEREFORE**, Plaintiffs Nicole Olsen, Courtney Holland, Cynthia Cole, Jennifer Chancey and Courtney Jones, individually and on behalf of all other similarly situated-employees, respectfully request the Court grant the following relief:

- Designation of this action as a class action on behalf of the previously described class.

- Appointing the Plaintiffs and their counsel to represent the Class Members.

- Ordering Defendants to produce in digital format the names and addresses of all members of the above-described class.

- An Order directing Defendants to investigate and account for the number of hours worked by Plaintiff, Nicole Olsen and all similarly situated New Jersey employees.

- An Order directing Defendants to investigate and account for the number of hours worked by Plaintiff, Cynthia Cole and all similarly-situated Maryland employees.

- An Order directing Defendants to investigate and account for the number of hours worked by Plaintiff, Courtney Jones and all similarly situated Illinois employees.

- An award of damages for all unpaid wages.

- An award for liquidated damages equal to two hundred (200) percent of the unpaid wages due.

- Judgement for any and all civil penalties to which the Plaintiffs may be entitled.

- An award of costs and expenses of this action together with reasonable attorneys' and experts' fee.

- Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiffs, Nicole Olsen, Courtney Holland, Cynthia Cole, Jennifer Chancey and Courtney Jones, individually and behalf of the collective and class described above, by and through their attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: <u>April 6, 2023</u>

          **ROMANO LAW GROUP**
          Counsel for Plaintiffs
          Palm Beach International Towers
          1601 Belvedere Rd., Ste. 500-S
          West Palm Beach, FL 33406-1551
          service@romanolawgroup.com
          john@romanolawgroup.com
          aaron@romanolawgroup.com
          sally@romanolawgroup.com

          By: */s/ AARON M. CLEMENS*
          Aaron M. Clemens, Esquire
          Florida Bar No. 14228