UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-80619-Civ-Middlebrooks/Matthewman

NICOLE OLSEN, et al.,

      Plaintiff,

v.

DENNIS RATNER, et al.,

      Defendant.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AND FOR DISMISSAL WITH PREJUDICE

Plaintiffs, Nicole Olsen, Courtney Holland, Cynthia Cole, and Courtney Jones (collectively, "Plaintiffs"), and Defendant, Dennis Ratner ("Ratner" or "Defendant") (collectively, Plaintiffs and Defendant will be referred to herein as the "Parties"), by and through undersigned counsel, hereby jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Settlement Agreement between the Parties is being filed as **Exhibit "A"** hereto.

## PROCEDURAL BACKGROUND

1.      On or about April 6, 2023, Plaintiffs, who worked as hair stylists for Creative Hairdressers, Inc. ("CHI"), *doing business as* The Hair Cuttery, filed the instant action against Ratner, alleging, among other things, that Plaintiffs were not paid wages owed for hours worked during the one-week payroll period between March 17, 2020, and March 21, 2020, which was due to be paid on CHI's regularly scheduled payroll on April 7, 2020 (D.E. 1) (the "Complaint").

2.      Due, in part, to the closure of all of CHI's locations commencing in March 2020 as a result of the COVID-19 pandemic, on or about April 23, 2020, Plaintiffs' employer, CHI, along

with Ratner Companies, L.C. ("RC"), jointly filed a voluntary petition under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the District of Maryland, case nos. 20-14583 and 20-14584 (the "Bankruptcy").

3.      In connection with the Bankruptcy, on April 28, 2020, the Bankruptcy Court approved the payment of all prepetition wages for CHI and RC.  Accordingly, Plaintiffs received payment in full for any alleged past due wages earned between March 17, 2020, and March 21, 2020, which would have been included in the April 7, 2020, payroll, on or about April 30, 2020.

4.      Despite receiving payment in full for all unpaid wages due and owed to Plaintiffs on April 30, 2020, Plaintiffs brought this action, seeking, among other things, liquidated damages in connection with CHI's alleged failure to pay the March 17-21, 2020 wages on April 7, 2020.

5.      Specifically, through Count I of the Complaint, Plaintiffs were seeking relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), as a putative collective action; however, neither the Plaintiffs nor any additional former employees of CHI filed opt-in notices in the instant action, and no motion for conditional certification was filed nor was any collective certified or conditionally certified.

6.      Counts II-IV of the Complaint included allegations that Plaintiffs were seeking relief under the New Jersey Wage Payment Law, N.J.S.A., 34:11-4.1, et seq. ("New Jersey Wage Payment Law"), the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509 ("Maryland Wage Payment and Collection Law"), and the Illinois Wage Payment and Collection Act, 820 I.L.C.S. 115/1 to 115/15 ("Illinois Wage Payment Collection Act"), on behalf of a putative class of CHI employees; however, Plaintiffs never filed a motion for class certification in this action and therefore, no class was certified.

7.      After extensive settlement discussions, the Parties agreed to settlement terms as memorialized herein and in Exh. "A". *See* Notice of Settlement filed August 23, 2023 (D.E. 33).

8.      Jennifer Chancey ("Chancey"), another stylist that worked for CHI, was a named plaintiff to the Complaint who also seeking liquidated damages from Ratner due to CHI's alleged failure to pay the March 17-21, 2020 wages on April 7, 2020.  Like Plaintiffs, Chancey also received all unpaid wages due and owing to her in connection with the Bankruptcy via the April 30 Wage Payment.

9.      On September 5, 2023, Plaintiffs filed an Unopposed Motion to Amend the Complaint and Dismiss a Party (D.E. 36), seeking to drop Chancey as a party for the reasons set forth therein (the "Motion to Amend").  Pursuant to the Motion to Amend, counsel for Plaintiff will be deducting the amount of the Settlement Payment (defined below) to which Chancey is entitled from the attorneys' fees portion of the Settlement Payment, set forth in Paragraph 3(e) below, and holding it in trust for Chancey.[1]

## MEMORANDUM OF LAW

### I.   Legal Principles

Pursuant to the case law regarding settlement of claims under the Fair Labor Standards Act, there are two ways in which claims under FLSA can be settled and released by employees.  First, 29 U.S.C. § 216(c) allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food Store, Inc. v. United States,* 679 F.2d

---

[1] Pursuant to the terms of the Settlement Agreement, Plaintiffs and Plaintiffs' counsel acknowledge that Ratner remained ready, willing and able to tender payment to Chancey; however, given the reasons represented by Plaintiffs in the Motion to Amend, Plaintiffs' counsel shall be holding funds from the Settlement Payment in trust for Chancey

1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters an Order approving the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F. 2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F. 2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlements to resolve and release the Plaintiffs' FLSA claim against Defendant. The proposed settlement arises out of an action brought by the Plaintiffs against Ratner, which was adversarial in nature.

The Parties agree that the instant action involves disputed issues regarding the Plaintiffs' purported unpaid wages. The Parties further agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues, including Count V of Plaintiffs' Complaint, which purports to bring a common law claim for fictitious entities against Ratner and the other unidentified Defendants to this action. Plaintiffs and Ratner, through their respective counsel, discussed the Plaintiffs' alleged past due wages, which were subsequently paid

4

in full on April 30, 2020, calculation of damages in connection therewith, and formulated their own proposed settlement figures. The Parties then engaged in detailed settlement discussions, based upon their independent calculations. The Parties voluntarily agreed to the terms of their settlement at the conclusion of the negotiations.

## II.   <u>Terms of Settlement</u>

During the settlement discussions, the Parties considered the risks and expense of continued litigation on the claims for liquidated damages and attorney's fees under the FLSA, plus the potential of future litigation given the applicable statute of limitations under the state-law claims which were asserted in the instant action in Counts I-VI.  Ratner claims that none of the Plaintiffs are owed any alleged unpaid wages given that Plaintiffs all received payment in full for their alleged unpaid wages through the Bankruptcy Court, which satisfied Plaintiffs' claims. Plaintiffs do not contest that they received payment in full for all alleged past due wages that were earned between March 17, 2020, and March 21, 2020, which would have been included in the April 7, 2020, payroll by virtue of the payments they received from the Bankruptcy Court on April 30, 2020; however, Plaintiffs through this action claim that they are nevertheless entitled to liquidated damages under the FLSA.

Nevertheless, despite the Parties' respective positions on the issues, the Parties recognize and agree that they would incur great expense by continuing to litigate this issue and engage in further discovery.  Moreover, given the amount claimed in this matter, and the fact that the Plaintiffs have received remuneration through the Bankruptcy Court, the Parties agree that the amount to be paid to each Plaintiff as set forth in the Settlement Agreement is a fair compromise. Specifically, as set forth in the Parties fully executed Settlement Agreement and as consideration to resolve all of Plaintiffs' claims, Ratner has agreed to pay Plaintiffs a total global sum of

$20,000.00 inclusive of fees and costs, which will be disbursed in accordance with the terms set forth in Paragraph 3(a)-(f) of the Settlement Agreement upon the Court's approval.

Notably, the amounts to be paid to each Plaintiff under the terms of the Settlement Agreement are in excess of Plaintiffs' entitlement under the FLSA.[2]  Specifically, pursuant to the terms of the Settlement Agreement, Plaintiffs will receive compensation at the greater of the minimum wage for all hours worked or a percentage of the commission on services rendered to customers, in addition to the total amount of the gratuities, in the form of tips, paid by customers during the applicable time period.  Specifically, the breakdown of the amounts which are being paid to Plaintiff pursuant to the terms of the Settlement Agreement are as follows:

| Employee/Plaintiff | Hours Worked– 3/15/20– 3/21/20 | Hourly Pay | Effective Hourly Pay Rate | Tips | Total Gross Hourly Pay Plus Tips |
|---|---|---|---|---|---|
| Nicole Olsen | 13.75 | $305.76 | $22.24/hr | $78 | $383.76 |
| Courtney Holland | 15 | $180.90 | $12.06/hr | $65 | $245.90 |
| Cynthia Cole | 13.5 | $233.55 | $17.3/hr | $50 | $283.55 |
| Courtney Jones | 29 | $566 | $19.52/hr | $152 | $718.00 |
| Jennifer Chancey[3] | 18.25 | $555.84 | $30.46/hr | $90 | $645.84 |

The amounts reflected in the chart above were included in Ratner's Response to Plaintiffs' Statement of Claim (D.E. 23).

---

[2] Under the FLSA, Plaintiffs are entitled to no more than the amount owed to them under the appropriate minimum wage statute. *See Powell v. Carey Intern., Inc.*, 514 F. Supp. 2d 1302, 1312 (S.D. Fla. 2007). The minimum wage applicable to each of the Plaintiffs is as follows: Olsen (New Jersey) at $11.00 per hour; Holland (Virginia) at $7.25 per hour; Cole (Maryland) at $11.00 per hour; Jones (Illinois) at $9.25 per hour; and Chancey (Florida) at $8.56 per hour.

[3] Pursuant to the Motion to Amend, $645.84 - which represents full compensation for Chancey's unpaid damages claim set forth in the proposed Amended Complaint - will be deducted from the attorney's fees portion of the Settlement Payment and held in trust for Chancey by Plaintiffs' counsel.

Additionally, the attorney's fees and costs agreed upon to be paid by Ratner under the Parties' settlement were never, and are not, a percentage of any total recovery in this case such that there is no correlation between the amount of monetary consideration being paid to Plaintiffs and the amount of attorney's fees and costs being paid by Ratner on Plaintiffs' behalf. *See* 29 U.S.C. §216(b); *Kreager v. Solomon & Flanagan, P.A.,* 775 F. 2d 1541, 1542 (11th Cir. 1985). Rather, Plaintiffs' attorney's fees and costs in this case are separate and apart from the amounts to be paid to Plaintiffs under the Parties' Settlement Agreement, and the amounts being paid to Plaintiffs under the Parties' settlement were negotiated based upon the value of the claims asserted, including the alleged unpaid wages claimed by Plaintiffs, with Plaintiffs' attorney's fees and costs being negotiated separately. Additionally, counsel for Plaintiffs stipulates that the amount recovered in attorney's fees and costs is fair and reasonable, and that the amount to be paid under the terms of the Parties' settlement will fully satisfy the attorney's fees and costs incurred on the Plaintiffs' behalf for the instant action.

The Parties further state that there was no undue influence, overreaching, collusion, or intimidation with respect to the settlement ultimately agreed upon. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during informal negotiations. Here, the Parties were each represented by counsel with experience in litigating claims under the FLSA, and each counsel was obligated to and did vigorously represent their clients' rights. Based on the amount to be paid to Plaintiffs, as well as the separate amount to be paid to their counsel, the Parties believe it is transparent that there was no fraud or collusion.

Finally, the Parties jointly advise the Court that their settlement herein, and the Settlement Agreement being submitted for review and approval by the Court, includes every term and

condition of the Parties' settlement, such that there are no side deals or other terms outside of those being provided to the Court for review.

## III.    Conclusion

Based upon the foregoing, the Parties jointly believe that the settlement terms agreed upon in this matter to settle Plaintiffs' claims, including their claim under the FLSA, are fair and equitable under the teachings of *Lynn's Food Stores*.   Accordingly, the Parties jointly and respectfully request that this Court grant this Joint Motion for Approval of the Settlement and enter a Final Order of Dismissal with Prejudice in this action., but retaining jurisdiction to enforce the Parties' Settlement Agreement.

WHEREFORE, the Parties respectfully request the Court issue an Order: (1) approving the Parties' settlement; and (2) dismissing this action with prejudice.

Dated: September 5, 2023                              Respectfully submitted,

**MALAMUT & ASSOCIATES**                     **BERGER SINGERMAN LLP**
*Counsel for Plaintiffs*                              *Counsel for Defendant*
457 Haddonfield Road, Suite 500                201 East Las Olas Blvd. Suite 1500
Cherry Hill, NJ 08053                              Ft. Lauderdale, Florida 33301
(856) 424-1808                                       Telephone: (954) 525-9900

By: *Mark Natale*                                  By: *Andrew Zelmanowitz*
Mark R. Natale                                      Andrew Zelmanowitz
mnatale@malamutlaw.com                         Florida Bar No. 74202
Lead Attorney *Pro Hac Vice*                       Maxwell H. Sawyer
                                                   Florida Bar No. 1003922
                                                   Nikki Branch
**THE LONGO FIRM, P.A.**                          Florida Bar No. 1039430
12555 Orange Drive                                azelman@bergersingerman.com
Suite 233                                          msawyer@bergersingerman.com
Davie, FL 33330                                    nbranch@bergersingerman.com
(954) 862-3608                                     drt@bergersingerman.com

By: *Micah Longo*
Micah J. Longo
Florida Bar No. 97333
micahlongo@gmail.com

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 5th day of September 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of notices of Electronic Filing generated by the CM/ECF system.

By: <u>/s/ *Andrew Zelmanowitz*</u>
Andrew B. Zelmanowitz