UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-80619-MIDDLEBROOKS

NICOLE OLSEN, et al.,

    Plaintiffs,

v.

DENNIS RATER, et al.,

    Defendants.

_____/

## ORDER DENYING WITHOUT PREJUDICE JOINT MOTION FOR APPROVAL OF SETTLEMENT

THIS CAUSE is before the Court upon the Joint Motion of the Parties to Approve FLSA Settlement Agreement, filed on September 5, 2023. (DE 36). For the reasons set forth below, I find that the settlement terms are not reasonable, and the Motion is denied.

Plaintiff initiated this action in April of 2023, alleging *inter alia*, violations of the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and demanding unpaid wages. (DE 1). The complaint alleges that Plaintiffs were hourly employees, all hair stylists, who worked at Defendants' salons between March 15, 2023, and March 21, 2023. (DE 1 ¶3). Due to COVID, the businesses shut down. (DE 1 ¶ 20). Plaintiffs claim that Defendants alleged they would be unable to pay Plaintiffs because the company awaited federal funding. (DE 1 ¶¶ 24–28). The complaint further alleges that other, similarly situated employees were likewise not compensated for overtime and/or paid minimum wage. (DE 1 ¶¶ 29-30). This lawsuit was brought as a collective FLSA action, and Plaintiffs sought damages against Defendants on behalf of themselves and others similarly situated. (DE 1 at 17). The Parties filed a Joint Motion to Approve settlement on September 5, 2023. (DE 37).

1

When a private action is brought under the FLSA and is subsequently settled, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (internal citations omitted). In scrutinizing the settlement for fairness, a court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.

The proposed settlement would compensate Plaintiffs' attorneys for fees in the amount of $18,368.79, and the agreement states that such fees are "fair and reasonable given the legal services performed." (DE 13-1 at p. 2). By comparison, the proposed agreement would compensate each named Plaintiff in the amounts of $383.76, $245.90, $283.55, $718.00 representing consideration for their liquidated damages claim and for each Plaintiff's agreement to release Defendants of all liability for not only FLSA claims, but also an exhaustive list of what appears to be any conceivable claim that Plaintiffs might have had before entering the agreement, including liability under a long list of federal and state statutes, plus any claims arising out of breach of contract, wrongful termination, and intentional or negligent torts. (DE 37-1 at 4). The agreement contains language indicating that the attorneys' fees and costs were negotiated separately.

Courts look to various factors to determine reasonableness, including "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of [plaintiff's] success on the merits; (5) the range of possible recovery; and (6) the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement." *Leverso v. SouthTrust Bank of Al., Nat. Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). With respect to some of these factors, there is not enough information provided in the Parties' motion to engage in any meaningful analysis. However, I have considered the factors to

the extent that I can in scrutinizing the proposed settlement in this case, and I find the settlement terms here to be problematic.

First, the negotiated attorney's fee of $18,368.79 is difficult to square with this record. The Plaintiffs fail to submit any evidence of the number of hours worked by the attorneys, their hourly rate, or the matters worked on. Plaintiffs' counsel's high fee is largely unexplained, but beyond that, it also appears to be unreasonably disproportionate to each Plaintiffs' own recovery, each of which is less than $1,000.00. *See McHone v. Donal P. Hoekstra Plumbing, Inc.*, 2010 WL 4625999, *1 (S.D. Fla. Nov. 4, 2010) (denying motion to approve FLSA settlement providing for $3,500 in fees and $1,000 in damages). *See also Hensley v. Eckerhart*, 461 U.S. 424, 438 (1983) (in evaluating reasonableness of attorney fees courts must "properly consider the relationship between the extent of success and the amount of the fee award").

I am mindful of the fact that there may be bona fide disputes as to FLSA coverage, and it is sometimes necessary to approve a settlement to promote resolution of litigation. *Lynn's Food* at 1354. I also understand that settlements negotiated in an adversarial context where both sides are represented generally yield presumptively fair results. *Id.* However, on this record, given the disparate split of settlement funds and pervasive release provisions, I cannot find that the negotiated terms are fair and reasonable.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. The Parties' Motion to Approve Settlement (DE 37) is **DENIED WITHOUT PREJUDICE**.

2. The Parties are granted leave to file a Second Motion to Approve Settlement. Any renewed motion must be filed **on or before September 30, 2023**.

3. Plaintiffs must include in their renewed Motion support for their claimed attorneys' fees amount.

4. This case will remain on the trial calendar, and the Parties are expected to comply with all deadlines set forth in the Pretrial Scheduling Order. (DE 15).

**SIGNED** in Chambers at West Palm Beach, Florida this 22 day of September, 2023.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record